COOLEY LLP
WILLIAM P. DONOVAN JR. (155881)
(wdonovan@cooley.com)
1333 Second Street, Suite 400
Santa Monica, CA 90401-4100
Telephone:   (310) 883-6400
Facsimile:    (310) 883-6500

WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
NATHANIEL R. COOPER (262098)
(ncooper@cooley.com)
KRISTINE A. FORDERER (278745)
(kforderer@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendants
EBAY INC. and PAYPAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THEO CHEN, EDGAR AMIRKHANYAN, EUGENE COBB, GARY GEORGE, NAZAR PAILEVANIAN, NICOLE PITTELOUD, GERALD A. KOENIGS, RICHARD DAME, KIM BUNCH, FRANCIS JANCIK, JOHN HAMISCH, BRENT FARRIS, NICOLE JONES, and PATRICK HYNDMAN, on behalf of themselves and on behalf of all persons in California similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC., a foreign corporation authorized to do business and doing business in California, and PAYPAL, INC., a foreign corporation authorized to do business and doing business in California,<br><br>Defendants. | Case No.<br><br>California Superior Court<br>County of Alameda<br>Case No. RG15780778<br><br>**DEFENDANTS' EBAY INC. AND PAYPAL, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 & 1453**<br><br>Complaint Filed: August 5, 2015 |

**TO PLAINTIFFS, THE COURT AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b), defendants eBay Inc. ("eBay") and PayPal, Inc. ("PayPal") (collectively, "Defendants") hereby remove the above-captioned civil action from the Superior Court of the State of California for the County of Alameda (the "Superior Court"), where the action is now pending, to the United States District Court for the Northern District of California, Oakland Division. For the reasons set forth below, this Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.

## I.  BACKGROUND

### A.  TIMELINESS OF REMOVAL

1. On or about August 5, 2015 plaintiffs Theo Chen, Edgar Amirkhanyan, Eugene Cobb, Gary George, Nazar Pailevanian, Nicole Pitteloud, Gerald A. Koenigs, Richard Dame, Kim Bunch, Francis Jancik, John Hamisch, Brent Farris, Nicole Jones and Patrick Hyndman (collectively, "Plaintiffs") filed a class action complaint in the Superior Court of the State of California for the County of Alameda, titled *Theo Chen, et al. v. eBay Inc., et al.*, Case No. RG15780778 (the "*Chen II* Complaint") against eBay and PayPal.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Register of Actions obtained from the Superior Court's website. Attached hereto as **Exhibits 2 - 10** are all available documents and records in the Superior Court action, including the *Chen II* Complaint, which is attached as **Exhibit 3**. Defendants are not aware of any other process or pleading in the Superior Court action.

3. Defendants signed Acknowledgements of Service of the *Chen II* Complaint and Summons on October 6, 2015. Attached hereto as **Exhibits 11 - 12** are true and correct copies of the Notices and Acknowledgements of Receipt of the *Chen II* Complaint and summons, signed by Defendants on October 6, 2015.

4. This Notice of Removal is timely because it is filed within thirty days of when Plaintiffs served Defendants with the *Chen II* Complaint and summons. *See* 28 U.S.C. § 1446(b).

5. Defendants will give Plaintiffs written notice of this removal as required by 28 U.S.C. § 1446(d) by serving Plaintiffs, through their counsel of record, with this Notice of Removal and all documents filed in support thereof on the date of filing of this Notice of Removal.

## B. PROCEDURAL HISTORY

6. As set forth in detail below, *Chen II* is actually Plaintiffs' Counsel's *eighth* Complaint, in a series of failed attempts, relating to the same fundamentally flawed core allegations. Not only are Plaintiffs' Counsel trying to re-litigate the *Campbell* case previously pending in this District, they are gaming their pleadings in an attempt to avoid federal jurisdiction in violation of governing law.

### i. *Campbell* was Litigated and Dismissed.

7. Plaintiffs' Counsel initially filed *Campbell v. eBay Inc. and PayPal, Inc*. in the Superior Court for the County of Santa Clara in October 2012. Plaintiffs' Counsel never served the initial *Campbell* Complaint on Defendants. Instead, six months later in April 2013, they filed a First Amended Complaint (the "*Campbell* 1AC"), which they served on Defendants in May 2013. Attached hereto as **Exhibit 13** is a true and correct copy of the *Campbell* 1AC.

8. *Campbell* included many of the same allegations and claims as the present Complaint, including the allegation that Defendants impose a purported "Buyer Always Wins" policy against sellers (which Plaintiffs' Counsel now call the "Buyer Almost Always Wins" policy in the *Chen II* Complaint).

9. *Campbell* was brought on behalf of a putative class defined as "all sellers of goods and services emanating from California who have user agreements with Defendant PayPal, Inc. and Defendant eBay, Inc., and who have utilized and are utilizing the services provided by Defendant PayPal, Inc. and Defendant eBay, Inc." (*See* **Ex. 13** ¶ 19.) This proposed class was substantially the proposed class that Plaintiffs' Counsel now seeks to represent in *Chen II*. (*Compare* **Ex. 13** ¶ 19 and **Ex. 3** ¶ 56.)

10. Indeed, Plaintiffs' Counsel take the position that the statutes of limitations over claims belonging to Plaintiffs and members of the proposed class in *Chen II* were "tolled by the

1  filing of the *Campbell* case" because "[t]he claims set forth in [the *Chen II*] Complaint are very
2  similar to the claims set forth in the *Campbell* case … ." (**Ex. 3** ¶ 8.)

3        11.    Defendants timely removed the *Campbell* case on June 7, 2013. It was assigned to
4  Judge Gonzalez Rogers in this District as N.D. Cal. Case No. 4:13-cv-02632-YGR ("*Campbell*").
5  Attached hereto as **Exhibit 14** is a true and correct copy of the Docket Report for the *Campbell*
6  matter. Plaintiffs' Counsel did not seek to remand the case or otherwise contest federal
7  jurisdiction at any time while the *Campbell* case was pending in this District from June 2013 to
8  July 2015. (*See generally* **Ex. 14**.)

9        12.    Defendants filed multiple motions to dismiss which led to multiple amended
10  complaints. In allowing Plaintiffs' Counsel to file a Fourth Amended Complaint in *Campbell*
11  (the "*Campbell* 4AC"), the Court indicated it would be the "final operative complaint" in the
12  case. (*Campbell* Dkt. No. 66.) Attached hereto as **Exhibit 15** is a true and correct copy of the
13  *Campbell* 4AC.[1] All four causes of action in the *Campbell* 4AC are reproduced in sum and
14  substance in the *Chen II* Complaint. (*Compare* **Ex. 15** and **Ex. 3**.)

15        13.    During the pendency of *Campbell*, Plaintiffs' Counsel took almost no steps to
16  prosecute the litigation. Plaintiffs' Counsel never produced a single document or answered a
17  single interrogatory in response to Defendants' discovery requests, failed to serve Rule 26(a)(1)
18  initial disclosures, failed to make Plaintiff Campbell available for deposition, failed to sign the
19  stipulated protective order and failed to comply with multiple deadlines or to even appear at a
20  2015 Case Management Conference. (*See Campbell* Dkt. No. 126.) The Court issued multiple
21  orders to show cause regarding dismissal for Plaintiff's failure to prosecute the *Campbell*
22  case. (*See Campbell* Dkt. Nos. 38 and 41.)

23        14.    In October 2014, the Court issued an expedited scheduling order, setting a May 5,
24  2015 deadline for Plaintiffs' Counsel to file a motion for class certification. (*See* **Ex. 14** at Dkt.

---

[1] Plaintiffs' Counsel attached hundreds of pages of eBay and PayPal policies and disclosures as exhibits to each of the *Campbell* 4AC, Proposed 5AC and *Chen I* Complaint. Defendants have omitted these attachments from the versions of the *Campbell* 4AC, Proposed 5AC and *Chen I* Complaint included as Exhibits hereto in the interest of space.

1  No. 103.) The *Campbell* case was then reassigned to Judge Gilliam in this District. (*See id*. at p.
2  16 and Dkt. No. 108.)

3      15.    On March 17, 2015, Plaintiffs' Counsel sought leave to file a Fifth Amended
4  Complaint (the "Proposed 5AC"). (*Campbell* Dkt. No. 117.) Attached hereto as **Exhibit 16** is a
5  true and correct copy of the Proposed 5AC. All sixteen causes of action in the Proposed 5AC are
6  reproduced in sum and substance in the *Chen II* Complaint.

7      16.    Plaintiffs' Counsel also asked the *Campbell* Court to continue all pretrial dates,
8  including the then upcoming May 5, 2015 deadline to file a class certification motion, for a year.
9  (*Campbell* Dkt. Nos. 113, 119.) The Court declined to modify the scheduling order and
10 Plaintiffs' Counsel ultimately withdrew their motion for leave to file the Proposed 5AC.
11 (*Campbell* Dkt. Nos. 119, 123.)

12     17.    Plaintiffs' Counsel failed to file a class certification motion on the May 5, 2015
13 deadline. Instead, on May 6, 2015, they filed a notice of Plaintiff Campbell's intent not to
14 proceed on a class action basis, which purported to withdraw their class allegations. (*Campbell*
15 Dkt. Nos. 124-25.)

16     18.    On May 12, 2015, Defendants filed a motion to dismiss the *Campbell* matter for
17 failure to prosecute. (*Campbell* Dkt. No. 126.) The hearing on Defendants' motion was set for
18 June 11, 2015. (*Campbell* Dkt. No. 127.) On May 26, 2015, Plaintiffs' Counsel filed a motion to
19 dismiss Plaintiff Campbell's claims without prejudice and a motion to shorten time so that their
20 motion to dismiss would be heard at the same time as Defendants' motion to dismiss. (*Campbell*
21 Dkt. Nos. 128, 129.)

22     19.    On July 2, 2015, the Court granted Plaintiffs' Counsel's motion and dismissed the
23 *Campbell* matter without prejudice. (*Campbell* Dkt. No. 139.)

24         **ii.**    ***Chen I* was Filed, Removed to this District and Dismissed.**

25     20.    On May 29, 2015, while the *Campbell* action was still pending in this District,
26 Plaintiffs' Counsel filed an action in Superior Court for the County of Alameda, Case No.
27 RG15772122 ("*Chen I*"). Attached hereto as **Exhibit 17** is a true and correct copy of the *Chen I*
28 Complaint.

21. The *Chen I* Complaint included all sixteen of the causes of action that were contained in the Proposed 5AC in *Campbell* and involved six of the same proposed named plaintiffs. (*Compare* **Ex. 16** and **Ex. 17**; *see also* **Ex. 3**.)

22. The *Chen I* Complaint was purportedly brought on behalf of a putative class defined as "all residents of the State of California who are sellers of goods and services emanating from California who have or have had user agreements with Defendant PayPal, Inc. and Defendant eBay, Inc. as far back as the year 2010, and who have utilized and are utilizing the services provided by Defendant PayPal, Inc. and Defendant eBay, Inc."—substantially the same proposed class that Plaintiffs' Counsel sought to represent in *Campbell*. (*Compare* **Ex.** 17 ¶ 56 and **Ex. 13** ¶ 19.)

23. Defendants timely removed *Chen I* to this District because the class was defined to include California "residents," and thus included individuals who resided in California but were not California citizens, as discussed further below.

24. Plaintiffs' Counsel did not seek to remand and instead voluntarily dismissed the *Chen I* Complaint on August 5, 2015.

### ii. *Chen I* was Refiled in State Court as *Chen II*.

25. On the same day that they voluntarily dismissed *Chen I* from this District, Plaintiffs' Counsel filed the present *Chen II* Complaint in the Superior Court for the County of Alameda.

26. The *Chen II* Complaint is now the *eighth* complaint that Plaintiffs' Counsel have filed or attempted to file against Defendants over the past three years alleging, as Plaintiffs' Counsel understatedly put it, "very similar" claims. (**Ex. 3** ¶ 8.)

27. Indeed, the *Chen I* Complaint and the *Chen II* Complaint are virtually *identical* and contain *identical* substantive allegations and claims.

28. The only differences between the *Chen* complaints are that (1) Plaintiff Novac from *Chen I* was dropped, (2) current Plaintiff Koenigs was added,[2] (3) Plaintiffs' allegations

---

[2] Neither eBay's records nor PayPal's records reflect a user by the name of "Gerald Koenigs." *See* Declaration of Andy Perry ¶ 5; Declaration of Rebekah Long ¶ 9.

1   regarding state residency were revised, and (4) the class definition was slightly revised to now
2   include "all sellers of goods and services on Defendant eBay, Inc. who also utilized the services
3   of Defendant PayPal, Inc., who are and have been citizens of the United States and citizens of the
4   State of California and who are and now and have been since 2008 domiciled and permanent
5   residents of the State of California, and who are and/or were parties to the user agreements of
6   both Defendant eBay, Inc. and Defendant PayPal, Inc. as far back as the year 2008" (**Ex. 3** ¶ 56).

7   29.   Thus, the *Chen II* Complaint is for all intents and purposes an amendment of the *Chen I* Complaint, which is itself a virtual clone of the Proposed 5AC that Plaintiffs' Counsel sought to file in *Campbell*.

10  30.   Incredibly, it is Plaintiffs' Counsel's position that the claims belonging to Plaintiffs and members of the putative class in *Chen II* were "tolled by the filing of *Campbell*," and therefore Defendants must effectively continue to defend *Campbell*, despite its dismissal, while Plaintiffs' Counsel avoids all consequences of their failure to prosecute the case. (**Ex. 3** ¶ 8.)

15  **II.   GROUNDS FOR REMOVAL**

16  **A.   PLAINTIFFS HAVE ACTIVELY SOUGHT TO SUBVERT FEDERAL JURISDICTION**

17  31.   In resolving the removal issues here, the Court should first take into account the unusual procedural history leading up the filing of the *Chen II* Complaint, which reflects an ongoing effort by Plaintiffs' Counsel to subvert federal jurisdiction and burden Defendants with seemingly endless litigation over the claims at issue.

21  32.   Plaintiffs' Counsel never purported to contest federal jurisdiction in over two years of litigating the virtually identical *Campbell* case in this District. Plaintiffs' Counsel elected to abandon the *Campbell* claims in federal court and file *Chen I* in state court only after it became clear that the Court would not allow the proposed Fifth Amended Complaint and after Plaintiffs' Counsel had failed to comply with the scheduling order requiring them to prosecute the action, after years of opportunity, by filing their class certification motion by May 5, 2013—all of this notwithstanding Judge Gonzalez Rogers' clear directive that the *Fourth* Amended Complaint be plaintiffs' "final operative complaint" in the case. (*Campbell* Dkt. No. 66.)

33. When Defendants removed *Chen I*, Plaintiffs' Counsel could have attempted to remand if they had a basis to do so. Instead, Plaintiffs' Counsel filed the *Chen II* complaint as a purportedly new action in an effort to subvert federal jurisdiction.

34. In similar circumstances, federal courts have precluded plaintiffs from litigating separate state actions that were filed to "subvert federal jurisdiction," and have acted to preserve jurisdiction in federal court. *See Kansas Public Emps. Ret. Sys. v. Reimer & Koger*, 77 F.3d 1063, 1069 (8th Cir. 1996) ("after removal the plaintiff cannot file essentially the same case in a second state action to subvert federal jurisdiction."); *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1377-78 (9th Cir. 1997) ("where a second state court suit is fraudulently filed in an attempt to subvert the removal of a prior case," the federal court may issue an injunction to preserve federal jurisdiction); *Brown v. Dunbar*, 376 F. App'x 786, 787 (9th Cir. 2010) (affirming district court's order denying remand and enjoining a state court proceeding, where "[t]he district court's finding that the plaintiffs' second state court suit was an attempt to subvert the removal of a prior case was not clearly erroneous, as the plaintiffs refiled *all* state law claims in state court, not just those in need of perfection, and did so without the court's permission" (emphasis in original)).

35. These same considerations support the Court's exercise of federal jurisdiction over the claims in *Chen II*.

**B.    THE COURT HAS JURISDICTION OVER THIS MATTER UNDER CAFA**

36. Under CAFA, a District Court has original jurisdiction over any civil action styled as a class action in which: (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant": (2) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2) & (d)(5).  If a putative class action is filed in State Court and meets all three requirements, it may be removed to federal court.  28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]").  This action meets each of CAFA's requirements.

### i. Minimal Diversity Is Satisfied

37. CAFA requires only minimal diversity, meaning that "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Citizenship of the members of the proposed plaintiff class[] shall be determined ... as of the date of filing of the complaint ... ." *Id*. at § 1332(d)(7).

38. eBay was, at the time the *Chen I* and *Chen II* Complaints were filed, and is, at present, a corporation organized under the laws of Delaware with its principal place of business in San Jose, California. (*See* **Ex. 3** ¶ 53.) As a result, it is deemed to be a citizen of both Delaware and California. 28 U.S.C. § 1332(c)(1) ("For purposes of this sections and section 1441 of this title ... a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ... .").

39. PayPal was, at the time the *Chen I* and *Chen II* Complaints were filed, and is, at present, a corporation organized under the laws of Delaware with its principal place of business in San Jose, California. (*See* **Ex. 3** ¶ 54.) As a result, it is deemed to be a citizen of both Delaware and California. 28 U.S.C. § 1332(c)(1).

40. As an initial matter, the relevant complaint for purposes of assessing removal is the *Chen I* Complaint, not the *Chen II* Complaint which is effectively a post-removal amendment of *Chen I*. Under established Ninth Circuit authority, "post-removal amendments to the pleadings cannot affect whether a case is removable," because the propriety of removal is determined based solely on the pleadings at the time a complaint as initially filed. *Williams v Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006); *see also Doyle v. OneWest Bank, FSB*, 764 F.3d 1097, 1098 (9th Cir. 2014) (holding that CAFA jurisdiction must be determined from the "proposed plaintiff class [in plaintiff's] complaint" and that it was error to "consider[] the class as pleaded in [plaintiff's] Second Amended Complaint"). While this rule applies most directly where a plaintiff amends a complaint in federal court post-removal, the circumstances here are functionally the same and raise the same concerns. The *Chen II* Complaint is nominally styled as a new action, but for all intents and purposes it is an amendment of the *Chen I* Complaint, given

1  that the substantive allegations and claims are identical, 13 of the 14 plaintiffs are the same, and
2  Plaintiffs' Counsel are the same.  The Court should thus determine removal based on the *Chen I*
3  Complaint, which is removable for the following reasons.

4        41.    First, the *Chen I* Plaintiffs did not allege they were citizens of California.  They
5  alleged only that they were "residents" of various California counties.  (**Ex. 17** ¶¶ 39-52.)
6  Moreover, the proposed class in *Chen I* was not limited to citizens of California.  Instead, as
7  quoted in full above, the *Chen I* Complaint alleged a putative class of "all *residents* of the State of
8  California" who met the other class requirements, with a proposed class period extending "as far
9  back as the year 2010."  (*Id*. ¶ 56 (emphasis added).)

10       42.    This proposed class definition would include citizens of any state who resided in
11 California at the time *Chen I* was filed or resided in California at any time "as far back as the year
12 2010."

13       43.    Courts have held that substantially similar class definitions support the existence
14 of minimal diversity.  As the Court of Appeals explained in *Mondragon v. Capital One Auto*
15 *Finance*, 736 F.3d 880, 884 (9th Cir. 2013), "[t]hat a [putative class member] may have a
16 residential address in California does not mean that person is a citizen of California."  *Id.* at 884
17 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  The Court thus
18 reversed a remand order because "at least some purchasers who were California citizens at the
19 time of purchase subsequently moved to other states, such that they were not California citizens
20 as of January 15, 2013."  *Id.*; *see also King v. Safeway, Inc.*, C-08-0999 MMC, 2008 WL
21 1808545, at *1 (N.D. Cal. Apr. 22, 2008) (class defined as "[a]ll persons in the State of California
22 who purchased organic milk or milk products from Safeway . . . not a class limited to California
23 citizens"); *McMorris v. TJX Cos., Inc.*, 493 F. Supp. 2d 158, 161-162 (D. Mass. 2007)
24 (reasonable probability that class of "[r]esidents of Massachusetts" might "include foreign
25 citizens who resided in Massachusetts" during relevant time period); *Larsen v. Pioneer Hi-Bred*
26 *Int'l, Inc.*, No. 4:06-cv-0077-JAJ, 2007 WL 3341698, at *5 (S.D. Iowa Nov. 9, 2007) (class of
27 "[a]ll persons and entities *in* the state of Iowa" not limited "to only *citizens* of the State of Iowa")
28 (emphasis in original).

44. Under these circumstances and in light of the applicable authorities, minimal diversity exists based on the proposed class in the *Chen I* Complaint. *See* 28 U.S.C. § 1332(d)(2)(A) and (7).

45. Even if the Court concludes that removal must be based on the *Chen II* Complaint, minimal diversity would also be satisfied. As detailed in the concurrently filed Declarations of Rebekah Long and Andy Perry, Defendants' records reflect individual users matching the names of Plaintiffs Cobb, Jancik, Jones, Hyndman, and Pitteloud who have open accounts with either eBay or PayPal that are associated with physical addresses outside of California. (Long Decl. ¶¶ 3-8; Perry Decl. ¶¶ 3-6.)  These records suggest that these Plaintiffs are not California citizens because California is not their permanent home. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

46. In addition, minimal diversity is satisfied because the putative class in the *Chen II* Complaint is not limited to current citizens of California or Delaware.  As stated in the Complaint, the putative class includes individuals "who are and have been citizens of the United States and citizens of the State of California" during the putative class period. (**Ex. 3** ¶ 56.) By including individuals who "have been" citizens of California, the proposed class necessarily includes individuals who were previously California citizens during the alleged class period but are no longer California citizens for purposes of assessing minimal diversity under CAFA.  28 U.S.C. § 1332(d)(7) (minimal diversity based on citizenship determined "as of the date of filing of the complaint … .").

47. As the Court of Appeals recognized in *Mondragon*, citizenship of individual class members will necessarily change over time given the mobility of individuals across the various States: "at least some purchasers who were California citizens at the time of purchase subsequently moved to other states, such that they were not California citizens as of January 15, 2013."  736 F.3d at 884 (reversing remand order because proposed class included individuals who were not currently citizens of California at the time of the filing of the complaint).

48. Similarly here, by including individuals who "have been" California citizens, the proposed class necessarily includes individuals who have "subsequently moved to other states,

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

10.

NOTICE OF REMOVAL OF ACTION
CASE NO.:

such that they were not California citizens as of" the date the *Chen II* Complaint was filed. Further, an analysis of whether there are proposed class members who are former, but not current, California citizens must take into account the full alleged class period—which Defendants dispute—which dates back to 2008. Thus, the proposed alleged class includes all individuals who were California citizens at any point in the last 7+ years (and meet the other aspects of the class definition) but later moved out of California.

49. Under these circumstances, minimal diversity exists based on the allegations and proposed class in the *Chen II* Complaint. *See* 28 U.S.C. § 1332(d)(2)(A) and (7).

### ii. The Proposed Class Does Not Have Less Than 100 Members

50. Plaintiffs allege in both *Chen I* and *Chen II* that "the total number of class members is at least 100,000 members . . . ." (*Compare* **Ex**. **17** ¶ 58 and **Ex. 3** ¶ 58.) Accordingly, CAFA's class size requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### iii. The Amount in Controversy Exceeds $5 Million

51. Plaintiffs, on behalf of themselves and the putative class, seek to recover unspecified damages from Defendants for claims arising from an array of unrelated business practices. Both *Chen I* and *Chen II* assert 18 causes of action against Defendants, and apparently seek to recover, among other things, sellers' alleged lost profits and sales (**Exs. 3** and **17** ¶¶ 71, 88, 90, 91, 152, 158, 164, 185, 200),[3] Final Value Fees paid by sellers (*id*. ¶¶ 65, 108, 121, 131), interest allegedly earned on funds held in sellers' PayPal accounts (*id*. ¶¶ 79, 90, 91), the value of allegedly "lost" listing durations (*id*.), fees paid by sellers for alleged "duplicate" listings (*id*. ¶ 172), allegedly "exorbitant" shipping fees charged by eBay (*id*. ¶ 192) and amounts sellers have refunded to buyers under certain circumstances (*id*. ¶ 145).

52. Without conceding the truth of the facts alleged in the *Chen I* and *Chen II* Complaints, liability, appropriateness of class treatment, appropriateness of Plaintiffs' class definition, or the validity of Plaintiffs' claim for relief—all of which Defendants dispute—the amount put in controversy by Plaintiffs' Complaint is greater than $5 million.

---

[3] All citations in this paragraph are to both the *Chen I* and *Chen II* Complaints, which contain identical and identically numbered substantive allegations.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

11.

NOTICE OF REMOVAL OF ACTION
CASE NO.:

### III. VENUE AND ASSIGNMENT

53. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Superior Court action was originally pending in Alameda County, which is within this judicial district.

54. However, in yet another indication that Plaintiffs' Counsel is forum shopping, none of the Plaintiffs in this litigation reside in Alameda County. (*See* **Ex. 3** ¶¶ 39-52.)

### IV. NOTICE TO THE SUPERIOR COURT OF ALAMEDA COUNTY

55. Defendants will promptly file a true and correct copy of this Notice of Removal and all documents filed in support thereof with Plaintiffs and the clerk of the Superior Court of the State of California for the County of Alameda, as required by 28 U.S.C. § 1446(d).

56. Defendants reserve the right to amend and/or supplement this Notice of Removal.

Dated: November 4, 2015         COOLEY LLP


  */s/ William P. Donovan, Jr.*
William P. Donovan, Jr.
Attorneys for Defendants
EBAY INC. and PAYPAL, INC.

122269731

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

12.

NOTICE OF REMOVAL OF ACTION
CASE NO.: