UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEO CHEN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>EBAY INC., et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-05048-HSG<br><br>**ORDER GRANTING MOTION TO REMAND, GRANTING MOTION TO DISREGARD PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES, AND DECLINING TO REACH MOTIONS FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 15, 16, 28, 51 |

　　　　Pending before the Court are four motions: (1) Plaintiffs' motion to remand; (2) Defendants eBay, Inc.'s and PayPal, Inc.'s administrative motion to disregard Plaintiffs' request for attorneys' fees made in reply; or in the alternative for leave to conduct additional briefing ("Motion to Disregard"); (3) Defendant eBay, Inc.'s motion for judgment on the pleadings; and (4) Defendant PayPal, Inc.'s motion for judgment on the pleadings. For the reasons articulated below, Plaintiffs' motion to remand is GRANTED and Defendants' Motion to Disregard is GRANTED. Because this action must be remanded, the Court declines to reach Defendants' motions for judgment on the pleadings.

**I.　BACKGROUND**

　　　　The initial iteration of the current action was filed as *Campbell v. eBay Inc. and PayPal, Inc.*, Case No. 3:13-cv-02632-HSG ("*Campbell*"), on October 9, 2012, in Santa County Superior Court. *See Campbell*, Dkt. No. 1, Ex. 1. Defendants eBay, Inc. and PayPal, Inc. ("Defendants") removed *Campbell* to the Northern District of California on June 7, 2013. *See Campbell*, Dkt. No. 1. After almost three years and four amended complaints, the Court granted the *Campbell* plaintiffs' motion to dismiss without prejudice on July 2, 2015. *See Campbell*, Dkt. No. 139.

On May 29, 2015, while *Campbell* was still pending, Plaintiff Chen and others filed *Chen v. eBay Inc. and PayPal, Inc.*, Case No. 3:15-cv-03444-SC ("*Chen I*"). *See Chen I*, Dkt. No. 1, Ex. 3. Defendants removed *Chen I*, and the *Chen I* plaintiffs voluntarily dismissed the action on August 5, 2015, prior to Defendants filing an answer or motion for summary judgment. *See Chen I*, Dkt. No. 17.

Plaintiffs filed the current action ("*Chen II*") in Alameda County Superior Court on August 5, 2015. *See* Dkt. No. 1, Ex. 3 ("Compl."). Plaintiffs assert a variety of California state law claims related to Defendants' allegedly unfair business practices towards sellers on the eBay website, particularly in resolving disputes with potential buyers. *See id.* ¶ 59. Plaintiffs purport to bring this "California only class action" on behalf of all eBay sellers who used PayPal, "who are and have been citizens of the United States and citizens of the State of California and who are now and have been since 2008 domiciled and permanent residents of the State of California," and who entered user agreements with Defendants since 2008. *See id.* ¶ 56. Defendants removed *Chen II* on November 4, 2015, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Dkt. No. 1.

On November 9, 2015, Defendants filed their respective motions for judgment on the pleadings. *See* Dkt. Nos. 15, 16. On November 23, 2015, Plaintiffs filed a motion to remand. *See* Dkt. No. 28 ("Mot. to Remand"). Because Plaintiffs did not file a motion for attorneys' fees, instead requesting attorneys' fees in a declaration, *see* Dkt. No. 29, on December 22, 2015, Defendants filed their Motion to Disregard. *See* Dkt. No. 51.

**II. DISCUSSION**

If the Court must remand this action to state court, then it lacks jurisdiction to decide Defendants' motions for judgment on the pleadings. Accordingly, the Court's analysis will begin with Plaintiffs' motion to remand before addressing Defendants' Motion to Disregard and motions for judgment on the pleadings.

**A. Plaintiffs' Motion to Remand**

    **a. Operative Complaint**

As an initial matter, the parties disagree as to whether *Chen I* or *Chen II* provides the

2

1 operative complaint for the Court's determination of Plaintiffs' motion to remand.

2 Defendants urge the Court to treat the *Chen I* Complaint, which satisfies CAFA's minimal
3 diversity requirement, as the relevant complaint. *See* Dkt. No. 40 at 1-2 ("Defs.' Opp. to
4 Remand"). Defendants contend that because the *Chen II* Complaint is substantially identical to
5 the *Chen I* Complaint and the *Campbell* Fourth Amended Complaint, the *Chen II* Complaint
6 should be considered an improper, and thus ineffective, post-removal amendment to *Chen I*. *See*
7 *id.* at 1.

8 Plaintiffs counter that they voluntarily dismissed *Chen I* without prejudice under Federal
9 Rule of Civil Procedure 41(a)(1), prior to Defendants serving an answer or a motion for summary
10 judgment. *See* Dkt. No. 43 at 2-7 ("Pl.'s Reply"). Therefore, Plaintiffs argue, *Chen I* has no effect
11 on whether CAFA jurisdiction exists over *Chen II*. *See id.* The Court agrees with Plaintiffs.

### 1. Legal Standard

"Under [Federal Rule of Civil Procedure] Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997); Fed. R. Civ. P. 41(a)(1)(i) (2007). A voluntary dismissal under Rule 41 is ordinarily "without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995); *see also* 9 Wright & Miller, *Federal Practice & Procedure* § 2363 (3d ed. 2015) (voluntary dismissal is often used when a "plaintiff, who is unwilling to prosecute the action in federal court, wishes to dismiss in order to start a new action in state court and preclude removal"). "Such a dismissal leaves the parties as though no action had been brought." *Concha*, 62 F.3d at 1506.

In *Wilson v. City of San Jose*, plaintiff California state officers ("State Officers") brought a state court action against the City of San Jose and the California League of United Latin American Citizens ("LULAC") seeking a declaration that Proposition 187 did not violate the California constitution. *Wilson*, 111 F.3d at 690. The defendants removed, and after losing a motion to remand, the State Officers voluntarily dismissed their complaint, stating that the sole purpose of the action was to receive a state court interpretation of Proposition 187. *Id.* at 690-91. LULAC

3

moved to strike the State Officers' notice of dismissal, arguing that a dismissal without prejudice would permit the State Officers to forum shop by simply filing another state court action with a complaint tailored to preclude removal. *Id.* The Ninth Circuit affirmed the district court's denial of LULAC's motion to strike, finding that the State Officers had satisfied Rule 41(a)(1) and that "[t]he voluntary dismissal of an action that has been removed to federal court does not constitute the sort of egregious forum shopping that federal courts have sought to discourage." *See id.* at 690, 694.

### 2. Analysis

Here, Plaintiffs satisfied the requirements of Rule 41(a)(1) by dismissing *Chen I* on August 5, 2015, prior to Defendants filing either an answer or a motion for summary judgment. *See Chen I*, Dkt. No. 17. Plaintiffs acted under their "absolute right" to dismiss *Chen I* under Rule 41(a)(1), and Plaintiffs and Defendants thus were left "as though no action had been brought." *See* Fed. R. Civ. P. 41(a)(1)(i) (2007); *Concha*, 62 F.3d at 1506. The Ninth Circuit's reasoning in *Wilson* makes clear that even if Plaintiffs dismissed *Chen I* with the sole intention of filing *Chen II* to avoid CAFA jurisdiction, that strategy should not be considered "egregious forum shopping." *See Wilson*, 111 F.3d at 694.

Accordingly, the *Chen I* Complaint has no effect on the current action, and the *Chen II* Complaint is the operative complaint for the purposes of the Court's CAFA analysis on Plaintiffs' motion to remand.[1]

---

[1] Defendants argue at length that *Chen II* should be considered an improper post-removal amendment to *Chen I*. *See* Defs.' Opp. to Remand at 5-7. However, Defendants' citations to cases such as *Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006) and *Doyle v. OneWest Bank, FSB*, 764 F.3d 1097 (9th Cir. 2014) are unpersuasive in light of the Ninth Circuit's more recent holding that "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015). In the wake of *Benko*, several courts in this circuit have permitted plaintiffs to clarify that their class definitions include state "citizens" rather than "residents," thereby negating CAFA jurisdiction. *See In re Anthem, Inc.*, No. 15-CV-2873-LHK, 2015 WL 5265686, at *7 (N.D. Cal. Sept. 9, 2015); *Wickens v. Blue Cross of California, Inc.*, No. 15CV834-GPC JMA, 2015 WL 4255129, at *5 (S.D. Cal. July 14, 2015); *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1293 (S.D. Cal. 2014). Therefore, even assuming *arguendo* that the *Chen II* Complaint amounts to a post-removal amendment of the *Chen I* Complaint, the *Chen II* Complaint would still be the operative complaint for purposes of this Court's CAFA analysis under the Ninth Circuit's holding in *Benko*.

### b. CAFA Jurisdiction under the *Chen II* Complaint

Having established the operative complaint, the Court must determine whether the *Chen II* Complaint meets CAFA's requirements.

The parties do not dispute that the *Chen II* Complaint satisfies CAFA's numerosity and amount in controversy requirements; thus, the sole remaining issue is whether the *Chen II* Complaint satisfies CAFA's minimal diversity requirement. Defendants contend that it does because the class definition necessarily includes non-California citizens. *See* Defs.' Opp. to Remand at 10-11. Plaintiffs counter that Defendants are engaging in an unsupported "tortured interpretation" of the *Chen II* class definition, which Plaintiffs assert clearly excludes non-California citizens. *See* Pl.'s Reply at 6-7. The Court again agrees with Plaintiffs.

#### 1. Legal Standard

A defendant may remove a civil action filed in state court if the action could have been filed in federal court in the first instance. 28 U.S.C. § 1441(a). "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015); 28 U.S.C. § 1332(d). For purposes of diversity jurisdiction, a "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of the states in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332 (c)(1).

#### 2. Analysis

The parties agree that Defendants are citizens of both California and Delaware for purposes of diversity jurisdiction. *See* Mot. to Remand at 11; Defs.' Opp. to Remand at 8. Thus, if Plaintiffs' class is limited either to California citizens or to Delaware citizens, then the *Chen II* Complaint fails CAFA's minimal diversity requirement.

In *Chen II*, Plaintiffs purport to bring a

> California only class action on behalf of themselves and a class defined as all sellers of goods and services on Defendant eBay, Inc. who also utilized the services of Defendant PayPal, Inc., who are and have been citizens of the United States and citizens of the State of California and who are now and have been since 2008 domiciled and permanent residents of the State of California, and who are and/or were parties to the user agreements of both Defendant eBay, Inc. and Defendant PayPal, Inc. as far back as the year 2008.

Compl. ¶ 56 (emphasis added).

While the Court acknowledges that Plaintiffs' class definition is not an exemplar of clarity, when Plaintiffs' class definition is read in conjunction with paragraph 1 of the *Chen II* Complaint, it is indisputable that Plaintiffs' class is limited to California citizens. *See id.* ¶¶ 1, 56. Paragraph 1 states that "*Plaintiffs are* citizens of the United States and *citizens of the State of California* who were and are presently domiciled and permanently residing in the State of California . . ." *See id.* ¶ 1 (emphasis added). Accordingly, any rational reading of Plaintiffs' complaint in its entirety confirms that Plaintiffs' class is limited to individuals who have been, from 2008 to the present, all of the following: (1) United States citizens, (2) California citizens, (3) domiciled in California, and (4) permanent residents of California.

The Court finds it unequivocal that all Plaintiffs and Defendants in this action are California citizens, and thus, CAFA's minimal diversity requirement is not satisfied. Accordingly, Plaintiffs' motion to remand is GRANTED.

### B. Defendants' Administrative Motion to Disregard Fee Request

On December 22, 2015, Defendants filed their Motion to Disregard. Dkt. No. 51. Plaintiffs initially raised the issue of attorneys' fees in the last paragraph of a declaration in support of Plaintiffs' motion to remand. *See* Dkt. No. 29. Plaintiffs did not brief the issue until their reply in support of their motion to remand, *see* Dkt. No. 53, and Defendants never briefed the issue, s*ee* Dkt. No. 51.

#### 1. Legal Standard

Under the removal statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28

U.S.C. § 1447(c). A district court should award attorneys' fees when, in its discretion, the removing party lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). However, under Local Rule 7-1, a written request to the court must be presented in a motion or a stipulation. Civil L.R. 7-1.

### 2. Analysis

Plaintiffs failed to request attorneys' fees through motion or stipulation as required under Local Rule 7-1. *See* Dkt. No. 29. Accordingly, the Court GRANTS Defendants' Motion to Disregard.

### C. Defendants' Motions for Judgment on the Pleadings

As established above, the *Chen II* Complaint does not meet CAFA's minimal diversity requirement, and thus, the Court does not have jurisdiction over this action. Consequently, the Court need not reach Defendants' motions for judgment on the pleadings.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED and Defendants' Motion to Disregard is GRANTED. Because the action must be remanded, the Court does not reach Defendants' motions for judgment on the pleadings.

It is ORDERED that this case is remanded under 28 U.S.C. § 1447(c) to the Superior Court of the County of Alameda. The Clerk of this Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court and close this case displaying all pending motions as resolved.

**IT IS SO ORDERED.**

Dated: March 4, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge